Banasik v Mount Sinai Health Sys.

2026 NY Slip Op 03060

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Marek Banasik, Plaintiff-Appellant,

v

Mount Sinai Health System, Defendant-Respondent.

Decided and Entered: May 14, 2026

Index No. 153072/23|Appeal No. 6628|Case No. 2025-03354|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Bell Law Group, PLLC, Syosset (John Stevens of counsel), for appellant.

Akerman LLP, New York (Rory J. McEvoy of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Judy H. Kim, J.), entered on or about April 14, 2025, which granted defendant's motion to dismiss the complaint under CPLR 3211, unanimously affirmed, without costs.

Plaintiff, a registered nurse, allegedly went on short-term disability leave for chronic back pain in September 2021, less than two weeks before the COVID-19 vaccination mandate issued by the State Department of Health (DOH) took effect (former 10 NYCRR 2.61). That regulation was applicable to "nursing staff" and other hospital employees who "could potentially expose other covered personnel, patients or residents" if infected with Covid-19. Plaintiff alleged that, soon after his leave commenced, defendant notified him that he was required to be vaccinated or his employment would be terminated. He also alleged that he applied for a medical exemption as well as for a religious-based accommodation that he be exempt from the requirement and be allowed to follow defendant's pre-existing masking-and-testing policy. He alleged that his requests were denied, that he was given time to comply with the mandate and again advised that he would be terminated if he did not comply, and that he was terminated after the time for compliance expired.

Plaintiff's claims for disability, age, and religious discrimination, and for failure to provide a reasonable accommodation, under the New York City Human Rights Law and New York State Human Rights Law were appropriately dismissed as the allegations in the complaint show that plaintiff's employment was terminated due to his failure to comply with the vaccination requirement after his exemption requests were unsuccessful.

Plaintiff failed to allege facts from which it can be inferred that his chronic back pain for which he took disability leave was a factor in the termination of his employment (see Correa v City of New York, 188 AD3d 452, 452 [1st Dept 2020]; see also Hosking v Memorial Sloan-Kettering Cancer Ctr., 186 AD3d 58, 61 [1st Dept 2020], quoting Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 834 [2014]). Nor did he "allege any non-speculative factual basis for inferring that his reaction to . . . other vaccines would be replicated if he were to receive a COVID-19 vaccine" (Cecere v Canisius Univ., 2025 WL 3239732, *2 [2d Cir 2025], affg 2025 WL 712748, *5 [WD NY 2025]).

Plaintiff's allegations of age discrimination were speculative, based solely on the contention that older employees like him were denied medical exemptions at a higher rate than younger employees. He did not allege that any younger employees had similar jobs or claimed similar medical issues (see Brown v City of New York, 188 AD3d 518, 519 [1st Dept 2020]; Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]; see also Scott v City of New York, 233 AD3d 456 [2024]).

[*2]

As for his claim of religious discrimination and failure to provide a reasonable accommodation, the applicable regulation barred employers from granting a religious exemption that would have allowed plaintiff to continue working as a registered nurse in the hospital performing his normal duties (see We The Patriots USA, Inc. v Hochul, 17 F4th 266, 292 [2d Cir 2021], clarified by 17 F4th 368 [2d Cir 2021]). However, allowing plaintiff to mask and test while continuing his normal routine — the only accommodation that he allegedly requested — would amount to an exemption that would not remove plaintiff from the regulatory definition of "personnel" (see We The Patriots, USA, Inc., 17 F4th at 370, quoting former 10 NYCRR 2.61[a][2]). Such an "accommodation" would also create an undue hardship on defendant by causing defendant to violate the regulation (see Walrond v New York City Health & Hosps. Corp., 240 AD3d 933, 935 [2d Dept 2025]).

Plaintiff's retaliation claims were also properly dismissed. Though seeking a reasonable exemption qualifies as protected activity under both the City and State Human Rights Laws (see Executive Law § 296[7][iii]; Administrative Code of the City of New York § 8-107[7][v]), the facts alleged do not support an inference that plaintiff was fired in retaliation for seeking an accommodation. Instead, he was terminated "pursuant to policies that were implemented before [he] engaged in h[is] alleged protected activity" of requesting an accommodation (Shklyar v Carboline Co., 616 F Supp 3d 920, 927 [ED MO 2022], affd 2023 WL 1487782 [8th Cir 2023], cert denied — US — , 144 S Ct 288 [2023]; see also Johnson v Mount Sinai Hospital Group, Inc., 2023 WL 2163774, *7 [ED NY 2023], affd 2024 WL 3289475 [2d Cir 2024]). To the extent that plaintiff bases the retaliation claims on taking disability leave, the allegations show that defendant's vaccinate-or-terminate policy was announced to comply with the date set by DOH for implementation of the vaccine mandate, unrelated to when plaintiff went out on leave.

We have considered plaintiff's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026